# United States Court of Appeals
## For the First Circuit

No. 26-1699

STATE OF CALIFORNIA; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAI'I; STATE OF ILLINOIS; STATE OF MARYLAND; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN,

Plaintiffs - Appellees,

v.

MARKWAYNE MULLIN, in the official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARCO RUBIO, in the official capacity as Secretary of State; UNITED STATES DEPARTMENT OF STATE; KEITH E. SONDERLING, in the official capacity as Acting Secretary of Labor; UNITED STATES DEPARTMENT OF LABOR; TODD BLANCHE, in the official capacity as Acting Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES,

Defendants - Appellants.

### APPELLANTS' BRIEFING NOTICE

Issued: July 17, 2026

The record on appeal now being complete with the filing of the transcripts, or the Transcript Report Form indicating no new transcripts are required, appellants' brief must be filed by **August 26, 2026**. Electronic filers must file briefs electronically. Unless appellants are pro se, an appendix must also be filed electronically by **August 26, 2026**. The clerk's office will then review the electronically tendered filing and, if it is compliant with federal and local rules, send a notification accepting the brief and/or appendix as filed and setting a deadline for the filing of paper copies.

The deadline for the electronic filing of appellees' brief will be set in accordance with Fed. R. App. P. 31 and 1st Cir. R. 31.0. Parties are advised that extensions of time are not normally allowed without timely motion for good cause shown.

The parties are advised to review the First Circuit Rulebook, with particular attention to the following Federal and Local Rules of Appellate Procedure:

| | |
|---|---|
| 1st Cir. R. 11.0, 28.0, and 28.1 | Briefs are public documents and will not be sealed absent timely motion. Sealed or non-public documents, such as a presentence investigation report or statement of reasons in a criminal case, must be filed in a separate volume of the addendum or appendix clearly marked "FILED UNDER SEAL," with an appropriate motion for leave to file the document under seal. |
| Fed. R. App. P. 28(a)(8)(A) and 28(e) | Briefs must contain citations to the parts of the record on which the appellant relies. References to parts of the record contained in the appendix must be to the pages of the appendix. If the brief refers to an unreproduced part of the record, any reference must be to the page of the original document. |
| 1st Cir. R. 28.0 | An addendum must be attached to the appellant's brief. The addendum must contain the judgments, rulings or orders appealed from and any supporting opinions, memoranda, or statements of reasons. It must also contain the following: portions of any instructions to the jury which are the subject of appeal; pertinent portions of any document in the record that is the subject of an issue on appeal; and items or short excerpts from the record, if necessary for understanding the specific issues on appeal. In cases where the district court adopts a magistrate judge's report and recommendation, the report and recommendation must be included in the addendum, in addition to the order adopting it. In cases where the district court reviewed an agency decision, the agency decision must be included in the addendum, in addition to the district court order or opinion. |
| Fed. R. App. P. 30<br>1st Cir. R. 30.0 | An appendix is required in all counseled cases, and paper copies of the appendix should be printed on two sides of each page. The appendix must begin with a table of contents identifying the page at which each part begins. The relevant docket entries must follow the table of contents. If the parties are unable to agree as to the contents of the appendix, they must follow the procedure outlined in Fed. R. App. P. 30(b). |

| | |
|---|---|
| Fed. R. App. P. 30(a) and 31(b) 1st Cir. R. 30.0(a) and 31.0(b) | Parties must file ten copies of their brief and addendum and five copies of the appendix, after the electronic brief and appendix have been accepted for filing. If the brief is filed in paper form, the disk required by 1st Cir. R. 32.0 constitutes one copy. If the brief is filed electronically, the electronically filed brief counts as one copy, and the paper copies are not due until the clerk's office sends notification directing the ECF Filer to submit the remaining copies. The Notice of Docket Activity generated by the court's electronic filing system constitutes service on all ECF Filers when the brief is filed electronically. One copy of the appendix must be served on each unrepresented party who is not registered as an ECF Filer using a method of service permitted by Fed. R. App. P. 25(c)(1). **Caveat: Pro se parties proceeding in forma pauperis** need only file four copies of their brief. Pro se parties are not required to file appendices pursuant to 1st Cir R. 30.0(d)(1).<br><br>**Represented parties** must serve two copies of their brief on each unrepresented party and on opposing counsel for each separately represented party if the brief is filed in paper form, or if the recipient is not registered as an ECF Filer.<br><br>**Pro se parties** must serve one copy of their brief on each unrepresented party and on opposing counsel for each separately represented party if the brief is filed in paper form, or if the recipient is not registered as an ECF Filer. |
| Fed. R. App. P. 32(a)(2) and 32(b)(1) | Except for filings by pro se parties, the cover of the appellant's paper brief must be blue, the cover of the appellee's paper brief must be red, and the cover of any paper reply brief must be gray. The cover of the paper appendix must be white. |
| Fed. R. App. P. 32(a)(5) | Briefs must be produced using either a 14 point proportionally spaced typeface, such as Times New Roman, or a 12 point monospaced typeface, such as Courier. |
| Fed. R. App. P. 32(g)(1) | If a principal brief exceeds 30 pages, or a reply brief exceeds 15 pages, the brief must include a certificate of compliance certifying that the brief complies with the |

typeface and length limitations of Fed. R. App. P. 32(a)(7)(B).

The First Circuit Rulebook, which contains the Federal Rules of Appellate Procedure, First Circuit Local Rules and First Circuit Internal Operating Procedures, is available on the court's website at www.ca1.uscourts.gov. Please note that the court's website also contains tips on filing briefs and appendices, including a checklist of what your brief must contain.

**Failure to file a brief, or an appendix if required, in compliance with the Federal and Local Rules will result in entry of an order directing the party to file a conforming brief and/or appendix and could lead to dismissal of the appeal. <u>See</u> 1st Cir. R. 3.0 and 45.0.**

Anastasia Dubrovsky, Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210
Case Manager:  Ashley C. - (617) 748-9055

# United States Court of Appeals
## For the First Circuit

---

**NOTICE TO COUNSEL REGARDING CONTENTS OF THE APPENDIX**

In cases where appellant is represented by counsel, the district courts will no longer transmit the full record except upon the rare request of the circuit clerk. Accordingly, counsel should ensure that the addendum and appendix, combined, include those parts of the record necessary to understand the issues on appeal. At the same time, the appendix should not be unduly large. Pursuant to Fed. R. App. P. 30(a)(2), counsel may cite to parts of the record not included in the appendix.

The appendix should be printed on two sides of each page. Transcript portions and other portions of the record are not considered relevant merely because they are referred to in the Statement of the Case or Statement of Facts, if not otherwise necessary for an understanding of the issues on appeal. The following is a list of items that typically should be included in the appendix if not already in the addendum:

- The district court docket report;
- The notice of appeal;
- Where an issue of appeal is based on written exhibits (including affidavits), the exhibit or portion thereof necessary to resolve the issue;
- Where an issue on appeal concerns matters raised at a suppression hearing or is otherwise based upon a challenge to the admission or exclusion of evidence, relevant portions of the transcript, including any discussion by court or counsel involving the evidence, offer of proof, ruling or order, and objections at issue;
- If the appeal is a collateral attack on a criminal conviction, copies of all relevant opinions by any federal court or state appellate court previously rendered in the criminal prosecution, any appeal, and any earlier collateral attack;
- Where an issue on appeal concerns matters raised at a change of plea hearing, a transcript of the proceeding and any plea agreement;
- If the appeal is a sentencing appeal, the sentencing hearing transcript and pre-sentence report, the latter of which should be filed in a separate sealed volume; and
- In a proceeding on a petition for review of an administrative agency decision, the relevant portions of the administrative record.

Other federal and local rules should be carefully consulted and read in conjunction with Loc. R. 30.0. Fed. R. App. P. 30 and 32 provide additional guidance as to the form and content of the appendix. Local Rule 28.0 provides detailed guidance as to the form, content, and size limit of the addendum. Items which are required to be in the addendum include the judgments, decisions, rulings, or orders appealed from, including any supporting explanation (e.g., a written or transcript opinion), and in addition, where the district court or agency whose decision is under review was itself reviewing or acting upon the decision of a lower-level decision-maker; that lower-level decision as well (e.g., a recommended decision by a magistrate judge or an initial

decision by an administrative law judge). Local Rule 28.0(b) lists optional, but encouraged items. Material included in the addendum need not be reproduced in the appendix.

Sealed or otherwise non-public items should not be included in a public appendix or addendum, but rather should be filed in a separate sealed volume. See Local Rules 11.0(d)(1), 28.0(c), 30(g). For example, a pre-sentence report in a criminal case should not be included in a public appendix or addendum. Where a judgment of criminal conviction is required to be included in the addendum, the statement of reasons should be filed in a separate, sealed volume. See Local Rule 28.0(c). Finally, counsel should comply with the privacy protection requirements of Fed. R. App. P. 25(a)(5) and should make appropriate redactions. For more information on redaction requirements see the Notice of Electronic Availability of Case Information on the First Circuit's website at www.ca1.uscourts.gov.

# United States Court of Appeals
## For the First Circuit

---

**NOTICE TO COUNSEL REGARDING
MANDATORY REGISTRATION AND TRAINING
FOR ELECTRONIC FILING (CM/ECF)**

On August 21, 2017, the U.S. Court of Appeals for the First Circuit upgraded its CM/ECF system to NextGen CM/ECF, the latest iteration of the electronic case filing system. Use of the electronic filing system is mandatory for attorneys. If you intend to file documents and/or receive notice of docket activity in this case, please ensure you have completed the following steps:

- **Obtain a NextGen account.** Attorneys who had an e-filing account in this court prior to August 21, 2017 are required to update their legacy account in order to file documents in the NextGen system. Attorneys who have never had an e-filing account in this court must register for an account at www.pacer.gov. For information on updating your legacy account or registering for a new account, go to the court's website at www.ca1.uscourts.gov and select *E-Filing (Information)*.

- **Apply for admission to the bar of this court.** Attorneys who wish to e-file must be a member of the bar of this court. For information on attorney admissions, go to the court's website at www.ca1.uscourts.gov and select *Attorney Admissions* under the *Attorney & Litigants* tab. Bar admission is not required for attorneys who wish to receive notice of docket activity, but do not intend to e-file.

- **Review Local Rule 25.** For information on Loc. R. 25.0, which sets forth the rules governing electronic filing, go to the court's website at www.ca1.uscourts.gov and select *First Circuit Rulebook* under the *Rules & Procedures* tab.

cc: Jennifer Kate Aaronson, Jeffrey Alderette, Julia S. Canney, Gerard J. Cedrone, Kamilyn Yoonsuh Choi, Matt A. Crapo, Anisha S. Dasgupta, Tiberius T. Davis, David Dana Day, Kyla Duffy, Kaliko'oānlani Diara Fernandes, Abraham R. George, Neil Giovanatti, Christopher J. Hajec, Faye B. Hipsman, Helen H. Hong, Laura Howard, Sarah A. Hunger, Kiel Ireland, Vanessa L. Kassab, Nita Kumaraswami Klunder, Robert A. Koch, Denise Yesenia Levey, Zoe Levine, Ian R. Liston, Donald Campbell Lockhart, Lorraine Lopez, Marissa Malouff, Melina Maria Meneguin Layerenza, David Moskowitz, Daniel Paul Mosteller, Michael Louis Newman, Joshua Nomkin, Victoria Ochoa, Michelle R. Pascucci, Edwin E. Pieters, James Everett Richardson, Joseph Robert Richie, Jonathan T. Rose, Michael Kenneth Skold, James Edward Stanley, Barbara D. Underwood, Judith N. Vale, Julie Veroff, Virginia Anne Williamson, Sara L. Wilmot, Kate S. Worthington, Jaylia Yan