**No. 26-1699**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

State of California, *et al.*,

*Plaintiffs-Appellees*,

v.

Markwayne Mullin, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the District of Massachusetts No. 1:25-cv-13829-LTS

# DEFENDANTS-APPELLANTS' OPPOSITION TO PLAINTIFFS-APPELLEES' MOTION FOR AN EXTENSION OF TIME


BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

TIBERIUS DAVIS
*Counsel to the Assistant Attorney General*

JEFFREY A. ALDERETTE
*Trial Attorney*

DAVID J. BYERLEY
*Senior Litigation Counsel*
DC# 1618599 | 1st Cir. #1219251
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
david.byerley@usdoj.gov
202-532-4523

**OPPOSITION TO PLAINTIFF-APPELLEES' EXTENSION MOTION**

Defendants-Appellants request that this Court deny Plaintiffs-Appellees' Motion for a 30-Day Extension of Time to File Answering Brief. Plaintiffs-Appellees fall far short of establishing the requisite "good cause" for an enlargement of time. *Hewes v. Pangburn*, 162 F.4th 177, 202 (1st Cir. 2025) (explaining the "good cause" standard has "teeth" and prevents the reduction of court deadlines to "little more than aspirational statements, to be disregarded by the parties whenever compliance proves inconvenient."); *see also Weinberger v. Group*, 339 F.2d 34, 35 (1st Cir. 1964) ("[A] party's own lack of diligence is not good cause."). More critically, granting the requested 30-day delay would severely prejudice Defendants-Appellants by compounding the ongoing, irreparable harm inflicted by the district court's order—an order that continues to undermine vital Executive authorities, harms the domestic workforce, and threatens national security by exploiting domestic labor markets. Indeed, Defendants sought an emergency stay from this Court as a result. While a motions panel denied the stay, it did not dispute that Defendants suffered an ongoing irreparable harm from the district court's vacatur. That harm requires prompt adjudication of this appeal. The motion should be denied.

1. This action addresses the systemic exploitation of the H-1B nonimmigrant visa program by corporations and foreign nationals to import lower-paid, lower-skilled foreign labor, thereby artificially depressing wages and curtailing

employment opportunities for American workers.

2. On June 8, 2026, the district court issued an Opinion and Order granting summary judgment to Plaintiffs-Appellees and vacating the entry restrictions established under Presidential Proclamation—specifically, the $100,000 payment requirement. Dkt. Nos. 106, 107. Immediately thereafter, Defendants-Appellants timely filed a Notice of Appeal on June 11, 2026, alongside a Motion to Stay Pending Appeal in the district court, detailing the immediate and irreparable harm that would ensue absent injunctive relief. Dkt. Nos. 108, 111, 112, 112-1, 112-2.

3. On June 12, 2026, the district court granted an administrative stay of its order to afford this Court an opportunity to consider Defendants-Appellants' emergency stay motion. Dkt. No. 113.

4. On June 18, 2026, Defendants-Appellants filed an Emergency Motion to Stay Pending Appeal before this Court. Dkt. No. 00118464489. On July 24, 2026, this Court denied the emergency stay, thereby reinstating the district court's vacatur of the Proclamation's $100,000 payment requirement. Dkt. No. 00118481775.

5. The Clerk established the initial briefing schedule on July 17, 2026. Dkt. No. 00118478074. Pursuant to that schedule, Defendants-Appellants timely filed their Principal Brief on August 26, 2026. Plaintiffs-Appellees' answering brief is currently due on September 25, 2026. Id.

6. More than a month after the issuance of the briefing schedule—and only

after Defendants-Appellants submitted their opening brief—Plaintiffs-Appellees contacted defense counsel on Friday, August 28, 2026, to inquire whether Defendants-Appellants would consent to a 30-day extension. Defendants-Appellants promptly opposed. Given the ongoing harm stemming from the vacatur and the time-sensitive nature of H-1B adjudications and the importance of the issues presented in this case, further delay is unjustified.

7. On September 1, 2026, more than 40 days after the briefing schedule was filed, Plaintiffs-Appellees filed their Motion for 30-Day Extension of Time to File Answering Brief. Plaintiffs-Appellees offer several justifications for an extension, none of which justify such a delay in a case of this importance.

8. First, Plaintiffs-Appellees assert a need to ascertain whether the $100,000 payment requirement "shall expire" on September 21, 2026. Dkt. No. 00118500842. This assertion appears to be predicated on an unfounded assumption of future mootness or a lack of urgency here. Because the Proclamation itself provides that it may be renewed, the district court's order continues to operate as a clear restraint on the President's clear § 1182(f) authority to restrict or suspend the entry of H-1B nonimmigrants, and clearly impacts the ability of the President to renew the Proclamation. This appeal does not turn on any potential executive "assess[ment]" occurring on or before September 21 regarding the policy's extension any more than that assessment relies on this Court's review of the district court's order. Dkt. No.

00118500842.

9. Second, the Department of Homeland Security's Notice of Proposed Rulemaking, titled *Fee for Certain H-1B Petitions*, 91 Fed. Reg. 54817 (Aug. 25, 2026), exerts no bearing on these proceedings. As a unfinalized "proposed" rule, it lacks legal force. Even so, any such rule is not before this Court and has not been challenged. Nor does it alter the legal issues before this Court. Furthermore, the district court's rulings rested strictly on its conclusion that the payment requirement constituted an unconstitutional tax and an *ultra vires* violation of the separation of powers—the precise legal holdings now before this Court. Dkt. No. 106, 17-26. The district court expressly declined to reach Plaintiffs-Appellees' alternative claims. *Id*. The prospective rulemaking proceeds through standard administrative channels and provides no foundation for delaying this appeal.

10. Third, Plaintiffs-Appellees' assertion that they require additional time to draft a "thorough, well-crafted answering brief," in part due to having busy schedules, lacks merit. Dkt. No. 00118500842. Plaintiffs-Appellees comprise a coalition of 24 states, each having their own Attorney General's office, represented by *dozens* of counsel of record, including 20 attorneys of record spanning nine pages of signature blocks. Dkt. No. 00118500842. Having been aware of the briefing deadlines for over 40 days prior to seeking Defendants-Appellants' position, Plaintiffs-Appellees cannot demonstrate reasonable diligence – particularly given

that their response brief covers substantially the same arguments as their briefing in opposition to the stay motion. *See Velez v. Awning Windows, Inc.*, 375 F.3d 35, 40, (1st Cir. 2004) ("These are more excuses than reasons. . . . [T]he fact that counsel may have bitten off more than he could chew does not exempt him from meeting court-appointed deadlines.") (citing *see Mendez v. Banco Popular*, 900 F.2d 4, 6-7 (1st Cir. 1990) (collecting cases) (*see also Pinero Schroeder v. FNMA*, 574 F.2d 1117, 1118 (1st Cir. 1978) (per curiam) ("[M]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.")). Moreover, Plaintiffs-Appellees aggressively opposed both of Defendants-Appellants' stay motions, insisting on rapid implementation of the district court's order despite the clear irreparable injury to the Executive. Dkt. No. 112; Dkt. No. 00118467437. Additionally, Appellants were required to brief swiftly with just three attorneys staffed to this case, and so no less should be expected of Plaintiffs' full platoon of counsel.

11. Fourth, any enlargement of time would severely prejudice Defendants-Appellants. As established in prior stay motions, the vacatur of the $100,000 payment requirement directly impairs the President's statutory authority under 8 U.S.C. § 1182(f) to suspend the entry of foreign nationals whose presence is detrimental to the national interest. 90 Fed. Reg. at 46027. The Proclamation targeted

the widespread displacement of American workers, wage suppression, and adverse labor market conditions that threaten economic stability and national security. *Id.* The ongoing distortion of the H-1B program undermines domestic incentives to pursue critical technical careers, eroding American technological leadership. *Id.* The public interest demands swift appellate review to mitigate these ongoing injuries.

12. Fifth, every day that the district court's order remains unreviewed, foreign nationals continue to seek entry and H-1B classification. Dkt. No. 112-2 ¶¶ 5-7. This is particularly acute regarding cap-exempt petitions and foreign nationals seeking to utilize remaining slots under the statutory cap. *Id.* Once these individuals enter the domestic labor market, revoking their status and effecting removal presents severe administrative and statutory hurdles. *Id.* ¶¶ 7-13. Entitled to full removal proceedings under 8 U.S.C. § 1229a, such entrants cannot be easily displaced, permanently altering the domestic labor pool to the detriment of American workers. *See id*. Extending the briefing schedule will exacerbate these harms and exacerbate the prejudice to the Defendants-Appellants.

For the foregoing reasons, because no good causes exist and because Defendants-Appellants would be severely prejudiced, Defendants respectfully request that the Court deny Plaintiffs-Appellees motion for 30-day extension of time to file answering brief.

DATE: September 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

TIBERIUS DAVIS
*Counsel to the Assistant Attorney General*

JEFFREY A. ALDERETTE
*Trial Attorney*

*/s/ David J. Byerley*
DAVID J. BYERLEY
*Senior Litigation Counsel*
DC# 1618599 | 1st Cir. #1219251
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
david.byerley@usdoj.gov
202-532-4523

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A), I certify that the foregoing was prepared using 14-point Times New Roman type, is proportionally spaced and contains less than 5,200 words, exclusive of the tables of contents and citations, and certificates of counsel.

*s/ David J. Byerley*
DAVID J. BYERLEY

*Counsel for Appellants*